UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

_____
                                                                    :
INTERNATIONAL BROTHERHOOD OF                :
ELECTRICAL WORKERS, LOCAL UNION NO. 99,   :
MICHAEL DALEY, BUSINESS MANAGER               :
LOCAL UNION NO. 99 AND                                  :
REPRESENTATIVE TRUSTEE,                                :
IBEW LOCAL UNION NO. 99 HEALTH AND          :
WELFARE FUND,                                                   :
IBEW LOCAL UNION NO. 99 RETIREMENT          :
TRUST FUND,                                                       :
IBEW LOCAL UNION NO. 99 ANNUITY TRUST     :
FUND,                                                                  :
IBEW LOCAL UNION NO. 99 JOINT                      :
APPRENTICESHIP AND TRAINING FUND,           :
IBEW LOCAL UNION NO. 99 DUES                       :
ASSESSMENT FUND,                                            :
IBEW LOCAL UNION NO. 99 POLITICAL            :
ACTION COMMITTEE FUND,                                :
IBEW LOCAL UNION NO. 99 SCHOLARSHIP       :
FUND,                                                                  :
IBEW LOCAL UNION NO. 99 ANNIVERSARY       :
FUND,                                                                  :
    *Plaintiffs*                                                        :
                                                                           :
    VS.                                                                :        C.A. No.
                                                                           :
RHODE ISLAND SOLAR SOLUTIONS, INC.         :
    *Defendant*                                                      :
_____ :

## COMPLAINT

## PARTIES AND FACTUAL ALLEGATIONS

1. Plaintiff, International Brotherhood of Electrical Workers, Local Union No. 99 ("Local 99") is a labor organization representing employees in an industry affecting commerce as defined in the *Labor Management Relations Act of 1947*, 29 U.S.C. §§ 141 et seq. ("LMRA") (29 U.S.C.S. §142(1), (3) &152(5)) and within the meaning of LMRA 29 U.S.C.S. §185.

2. Local 99 maintains its principal place of business at 22 Amflex Drive, Cranston, Rhode Island.

3. Plaintiff Michael Daley ("Daley") is the Business Manager of Local 99 and its designated representative in the civil action.

4. Plaintiff Daley, is a Representative Trustee of the Board of Trustees of the funds making claim through this lawsuit, said funds being governed by the provisions of the *Employee Income Security Act of 1974*, 29 U.S.C. §§ 1001 et seq. ("ERISA"), the *Labor Management Relations Act of 1947*, 29 U.S.C. §§ 141 et seq. ("LMRA"), and other applicable laws.

5. Plaintiff IBEW Local Union No. 99 Health and Welfare Fund ("H&W Fund") is an ERISA Benefit Fund governed by the provisions of ERISA, LMRA and other applicable law.

6. Plaintiff IBEW Local Union No. 99 Retirement Fund ("Retirement Fund") is an ERISA Benefit Fund governed by the provisions of ERISA, LMRA and other applicable law.

7. Plaintiff IBEW Local Union No. 99 Annuity Trust Fund ("Annuity Fund") is an ERISA Benefit Fund governed by the provisions of ERISA, LMRA and other applicable law.

8. Plaintiff IBEW Local Union No. 99 Joint Apprenticeship and Training Committee Fund ("JATC Fund") is an ERISA Benefit Fund governed by the provisions of ERISA, LMRA and other applicable law.

9. Plaintiff IBEW Local Union No. 99 Dues Assessment Fund ("Dues Fund") is a Local 99 fund governed by the LMRA and other applicable laws.

10. Plaintiff IBEW Local Union No. 99 Political Action Committee Fund ("PAC Fund") is a Local 99 fund governed by the LMRA and other applicable laws.

11. Plaintiff IBEW Local Union No. 99 Scholarship Fund ("Scholarship Fund") is a Local 99 fund governed by the LMRA and other applicable laws.

12. Plaintiff IBEW Local Union No. 99 Anniversary Fund ("Anniversary Fund") is a Local 99 fund governed by the LMRA and other applicable laws.

13. Local 99, Daley, H&W Fund, Retirement Fund, Annuity Fund, JATC Fund, Dues Fund, PAC Fund, Scholarship Fund, and Anniversary Fund, are collectively referred to herein as "Plaintiffs".

14. The H&W Fund, Retirement Fund, Annuity Fund, JATC Fund, Dues Fund, PAC Fund, Scholarship Fund, and Anniversary Fund, are collectively referred to herein as "Funds".

15. Defendant Rhode Island Solar Solutions, Inc. ("Defendant" or "R.I. Solar") is a domestic profit corporation, incorporated in the State of Rhode Island, with a principal office located at 2780 Grand Army of the Republic Highway, Swansea, Massachusetts.

16. R.I. Solar was and is an employer in an industry affecting commerce, as defined in LMRA (29 U.S.C. § 142(1), (3) & 152(2)), and within the meaning of LMRA (29 U.S.C. § 185).

17. Plaintiff Local 99 and Defendant R.I. Solar were and are party to a Collective Bargaining Agreement ("CBA"), which, among other things, obligated R.I. Solar, and continues to obligate R.I. Solar, to make timely contributions to the Funds on behalf Local 99 members who were and are employed by R.I. Solar .

18. Pursuant to the terms of the CBA and established collection policies and procedures, Local 99 is the designated collection agent for the Funds.  As such, Local 99 is charged with determining the amount of the contributions owed by R.I. Solar to each fund and then collecting the contributions on behalf of each fund.

19. R.I. Solar has failed to make timely contributions to the Funds.

20. Plaintiffs have made demand for payment of R.I. Solar's delinquent fund contributions in accordance with established policy and procedure.

21. Despite said demands, R.I. Solar has failed to pay the outstanding contributions to the Funds.

22. R.I. Solar remains delinquent in payment of its required contributions to the Funds totaling in excess of Fifty Thousand Dollars ($50,000.00).  See Exhibit A attached hereto and incorporated herein.

### JURISDICTION

23. This action arises under, and jurisdiction is conferred upon this Court, by virtue of ERISA (29 U.S.C. §1132) and LMRA (29 U.S.C.S. §185).

### COUNT I
**(Breach of Duty under the Collective Bargaining Agreement and ERISA, 29 U.S.C. §§1132 & 1145)**

24. Plaintiffs incorporate paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiffs H&W Fund, Retirement Fund, Annuity Fund, and JATC Fund, are employee benefit funds established pursuant to and administered in accordance with LMRA (29 U.S.C.S. §186) and ERISA (29 U.S.C.S. §1102), and are multiemployer plans as defined by ERISA (29 U.S.C. §1002(37)).

26. Plaintiffs Dues Fund, PAC Fund, Scholarship Fund, and Anniversary Fund are Local 99 funds established under the LMRA, and administered under the CBA, for which R.I. Solar is obligated to make contributions under the CBA.

27. R.I. Solar's failure to make timely contributions to the each of the Funds is a breach of the CBA and a violation of ERISA and the LMRA.

28. R.I. Solar remains severely delinquent to all of Plaintiff Funds.

29. As a result of R.I. Solar's unlawful actions in failing to timely pay the required contributions to the Funds, the Plaintiffs have suffered and will continue to suffer severe and substantial damages.

WHEREFORE, Plaintiffs request that this Honorable Court enter judgment in their favor awarding them:

   (A) The total amount of delinquent contributions owed by R.I. Solar to each of the Plaintiff Funds;
   (B) Pre and post judgment interest on all delinquent contributions;
   (C) Reasonable attorney's fees, costs, and expenses;
   (D) Statutory punitive damages;
   (E) Such other and further relief that the Court deems just and proper.

## COUNT II
### (Breach of Fiduciary Duty under ERISA 29 U.S.C. §1109)

30. Plaintiffs hereby incorporate Paragraphs 1 through 29 as though set forth herein.

31. Defendant R.I. Solar has breached its fiduciary duties under ERISA (29 U.S.C. § 1109) by failing to pay timely contributions to the Plaintiff ERISA Funds.
WHEREFORE, Plaintiffs request that the Court award them:

   (A) The total amount of delinquent contributions owed by R.I. Solar to each of the ERISA Funds, specifically the H&W Fund, Retirement Fund, Annuity Fund, and JATC Fund ;
   (B) Pre and post judgment interest on all delinquent contributions to the ERISA Funds;
   (C) Reasonable attorney's fees, costs, and expenses
   (D) Statutory punitive damages;

      (E)      Such other and further relief that the Court deems just and proper.

**THE PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY ON ALL COUNTS.**

    Respectfully Submitted,
    On behalf of Plaintiffs,
    By their attorneys,

    */s/ Christopher M. Orton*
    _____
    Christopher M. Orton, Esq. (#4849)
    DALEY ORTON, LLC
    1383 Warwick Avenue
    Warwick, RI 02888
    PHONE: (401) 921-5901
    FAX: (401) 921-5902
    corton@daleyorton.com

Dated: November 9, 2018

\7800.08-Complaint